# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR25-4021-LTS-KEM |
| vs. | |
| ANDREW JOHN GROSS, | MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION |
| Defendant. | |

## I.   INTRODUCTION

This matter is before me on a Report and Recommendation (Doc. 57) filed by Chief United States Magistrate Judge Kelly K.E. Mahoney, in which she recommends that I grant defendant Andrew Gross' motion (Doc. 34) to suppress evidence from the search of his cell phone and smart watch. Neither party filed objections and the time for doing so has expired.

## II.   BACKGROUND

On March 20, 2025, the grand jury returned an indictment (Doc. 2) charging Gross with one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1) and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). Gross filed his motion (Doc. 34) to suppress on April 22, 2025, and the Government filed its resistance (Doc. 44) on May 13, 2025. Gross filed a reply (Doc. 50) on May 27, 2025, and the parties also filed a joint notice (Doc. 47) and joint supplemental notice (Doc. 52).

Judge Mahoney held an evidentiary hearing on the motion on June 6, 2025. She admitted the following exhibits into evidence:

- Defense Exhibits A, B, and C – first search warrant materials (Docs. 34-2,

34-3, 34-4)

- Defense Exhibit D – second search warrant materials (Doc. 51-1)
- Defense Exhibit E – search warrant materials in *United States v. Williams*, 131 F.4th 652 (8th Cir. 2025) (Doc. 50-1)
- Defense Exhibit F – Police report (Doc. 51-2) by Detective Niehus and Detective Justus Knudsen.

Doc. 54. The Government presented the testimony of Niehus and Officer Joaquin Orduno. *Id*. Gross presented the testimony of Investigator and Litigation Support Specialist Joseph Manser with the Federal Public Defender office. *Id*. After the hearing, the parties filed another joint notice (Doc. 56).

Judge Mahoney issued her R&R (Doc. 57) on July 3, 2025. Trial is scheduled to begin August 25, 2025.

### III. STANDARD OF REVIEW

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court

judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## IV.  DISCUSSION

Because neither party has objected to Judge Mahoney's R&R (Doc. 57), I have reviewed it for clear error. I find that Judge Mahoney applied the correct legal standards in finding that the warrant was facially invalid as lacking particularity and concluding that neither the good faith exception nor the independent source doctrine applied. Based on my review of the record, I find no error – clear or otherwise – in Judge Mahoney's recommendation and agree with her analysis.

## V.  CONCLUSION

For the reasons set forth herein:

1. I **accept** the Report and Recommendation (Doc. 57) without modification.

2. Pursuant to Judge Mahoney's recommendation, Gross' motion (Doc. 34) to suppress evidence is **granted**. Evidence seized from the "Blue Google smartphone with clear case seized from Andrew GROSS on 5/14/24 [and the] Silver Google smartwatch

3

seized from Andrew GROSS on 5/14/24"[1] is hereby **suppressed** and may not be offered as evidence at trial.

    **IT IS SO ORDERED** this 23rd day of July, 2025.

                                                   _____
                                                 Leonard T. Strand
                                                 United States District Judge

---

[1] *See* Doc. 34-3.